**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**STEVEN ANTHONY MITCHELL,**

    **Plaintiff,**

vs.                                              **Case No. 4:08cv266-MP/WCS**

**LUIS ZAVALETA, et al.,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

    This case is before me upon an order of remand from Senior United States District Judge Maurice Paul. Doc. 112. The report and recommendation I had entered previously on the *pro se* Plaintiff's amended motion to transfer venue and stay this proceeding, doc. 104, was rejected and the case remanded to determine "whether transfer remains appropriate based on Plaintiff's clarification in his objections." Docs. 105, 112.

    The issue of venue has been active since this case was transferred to this Court from the Southern District of Florida in June of 2008, doc. 68. Just after the case arrived here, Plaintiff sought to appeal the order of transfer. Docs. 73, 78. Plaintiff's

appeal was dismissed, doc. 90, and Plaintiff immediately filed a motion to change venue. Doc. 91. That motion was denied by court order entered on September 22, 2008. Doc. 93. Plaintiff filed his third amended complaint, doc. 94, on October 22, 2008, and after review of that pleading, I entered an order on October 30, 2008, noting that because the claims were limited to events that occurred in South Florida, it "could potentially be returned" to the Southern District. Doc. 95. The parties were advised to address the issue of venue and transfer, doc. 95.

Plaintiff responded to my order and stated, "Plaintiff respectfully prays this case will proceed, and transfer to the Southern District of Florida." Doc. 96, p. 3. Counsel for Defendants responded on November 30, 2008, and agreed that "because Plaintiff has dropped his injunctive claims against the Secretary of the Department of Corrections seeking a Kosher diet" that transfer would be an appropriate course of action. Doc. 97. It was noted that five of the six named Defendants were within the jurisdiction of the Southern District of Florida, and because the majority of the Defendants were in the Southern District, it would clearly be a "more convenient forum." *Id.*, at 2. However, Defendants were concerned that transfer could seriously impede the progress of this cause, cause even greater delay than has already occurred, and would result in further amendments. *Id.* Defendants stated that they had "no objection to" transferring the case back to the Souther District, but sought assurance that Plaintiff's "injunctive claims for a Kosher diet have been permanently dismissed from this case." Doc. 97, pp. 2-3.

On February 23, 2009, Plaintiff filed the instant amended motion to transfer venue and stay this proceeding. Doc. 104. The motion appears to have been filed partly in response to the Defendants' reply and Plaintiff points out that Defendants

agreed the Southern District was the more convenient forum. Doc. 104, p. 2. Plaintiff noted counsel's concerns and stated:

> The Plaintiff agrees with counsel's concerns for F.D.O.C. and her clients, and has no objection to sanctions dismissing the J.D.A. (Jewish Dietary Accommodation) Kosher Meal claims permanently "with prejudice."

*Id.*, at 2. Plaintiff then concluded:

> Wherefore, the Plaintiff prays this Honorable Court will grant the Plaintiff's Ammended [sic] Motion to Transfer Venue and Stay Proceedings for a reasonable amount of days at the court's discretion to allow time for the Southern District of Florida to resume jurisdiction of this case in chief, currently at bar.

*Id.*, at 3.

Plaintiff's motion, doc. 104, was deemed to be a notice of voluntary dismissal under Rule 41(a) to dismiss the Kosher Meal claims. I entered a report and recommendation, doc. 105, based on Plaintiff's statements of being in agreement with Defendants' counsel and his stated willingness to dismiss with prejudice his Jewish Dietary Accommodation Kosher meal claims. Doc. 105. The report and recommendation noted that Plaintiff's claims in the third amended complaint involved his "request to be served a Jewish Passover meal," but found no general claim of "entitlement to a Kosher diet." *Id.*, at 2-3. Furthermore, review of the third amended complaint revealed Plaintiff sought only monetary damages as relief, and not injunctive relief. *Id.*, at 3. Thus, I recommended that the Court dismiss "all potential First Amendment claims for any entitlement to be served any sort of Kosher Diet." *Id.*

Plaintiff then filed an objection to my report and recommendation. Doc. 107. Plaintiff agrees that he has voluntarily dismissed the claim for entitlement to a daily kosher diet. *Id.*, at 2. However, he objects to dismissal of his claim concerning a

Passover Meal in 2006. *Id.* Plaintiff contends that Passover meals are separate and distinct from daily Kosher meals. *Id.* Plaintiff claims that forcing him to accept a meal tray with forbidden leavened products on it in 2006 violated his First Amendment rights. *Id.*, at 4-5. He requested that the Court dismiss only his First Amendment "claims for a daily kosher meal, and allow" Plaintiff to "proceed against Tyus, Figueroa, Sealy and Mejia for [First Amendment] violations of depriving him his constitutional right to freely exercise his religious beliefs during the Jewish Passover in 2006 . . . . " *Id.*, at 9. As will be explained ahead, this is a past event. Since Plaintiff does not seek injunctive relief for any sort of future Kosher diet, the only relief available for this claim is monetary damages.

Consequently, neither party objects to transfer of this action back to the Southern District of Florida. Defendants acknowledge that the events alleged by Plaintiff occurring in 2006 occurred in the Southern District and the vast majority of the named Defendants are within that jurisdiction. Doc. 97. Pursuant to 28 U.S.C. § 1391(b), this case is most appropriately litigated in the Southern District. Defendants' concern for assurance that Plaintiff's injunctive claims for a daily Kosher diet are permanently dismissed are resolved in concluding that Plaintiff did not seek injunctive relief in the third amended complaint. Doc. 97. Furthermore, concern that Plaintiff will not again attempt to amend his complaint, doc. 97, are relevant, and it is the intention of this Court to move this case forward in the most efficient manner without allowing further amendment. However, it is ultimately within the discretion of the receiving court as to whether Plaintiff should be allowed or even directed to amend his complaint.

Finally, Defendants filed a motion for an extension of time to file a motion for summary judgment. Doc. 109. Defendants seek either additional time to file a dispositive motion or an extension of time for newly assigned counsel to file the dispositive motion should this case be transferred. The motion is reasonable and the request is granted to the extent that it is recommended that if the District Judge adopts this report and recommendation, Defendants' counsel should be granted sufficient time (60 days was requested) after transfer to file a dispositive motion.

**RECOMMENDATION**

It is respectfully **RECOMMENDED** that (1) Plaintiff's amended motion to transfer venue, doc. 104, be **GRANTED**, (2) that any claim for denial of daily Kosher meals[1] be **DISMISSED** ; (3) that any latent request for injunctive relief be **DISMISSED**; (4) that Defendants' motion for an extension of time, doc. 109, be **GRANTED** and Defendants given 60 days in which to file a dispositive motion after the transfer of this action; and (5) this case be **TRANSFERRED** to the Southern District of Florida for all further proceedings as venue is now proper pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. § 1404(a).

**IN CHAMBERS** at Tallahassee, Florida, on August 18, 2009.

 s/     William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] Still remaining is Plaintiff's claim for damages because he was denied appropriate Passover meals during 2006 in violation of his First Amendment rights.

Case No. 4:08cv266-MP/WCS

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**